UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COREY LYNN HAWKER,<br><br>                Petitioner,<br><br>vs.<br><br>TEREMA CARLIN,<br><br>                Respondent. | Case No. 3:25-cv-00704-REP<br><br>**INITIAL REVIEW ORDER** |

    Petitioner Corey Lynn Hawker has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

    The Court is required to review each newly-filed habeas corpus petition to determine whether it is should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

    All parties are deemed to have knowingly and voluntarily consented to proceed before a Magistrate Judge because none filed a declination of consent form with the Clerk

**INITIAL REVIEW ORDER - 1**

of Court within the time frame set forth in the Notice of Assignment Setting Deadline. *See* Dkt. 6.

Petitioner brings one claim, a Sixth Amendment ineffective assistance of counsel claim for failing to investigate an involuntary intoxication defense based on Petitioner's use of a prescription drug. Dkt. 3 at 6. He brought this claim in a post-conviction petition in the state district court, filed an appeal with the Idaho Court of Appeals, and presented it to the Idaho Supreme Court in a petition for review. *Id*. at 4, 6. Based on the federal Petition, the Court concludes that this is a cognizable habeas claim upon which Petitioner may proceed. The Court does not have the full record before it to make a determination on whether any preliminary procedural matters must be addressed. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

2. Petitioner's In Forma Pauperis Application (Dkt. 1) is GRANTED.

3. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. The Court will reconsider this request sua sponte (on

**INITIAL REVIEW ORDER - 2**

its own without the need for an additional motion) after it has had opportunity to review the state court record and Respondent's arguments.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements. *See* Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

**INITIAL REVIEW ORDER - 3**

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

**INITIAL REVIEW ORDER - 4**

identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.



DATED: March 13, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER - 5**